575 So.2d 1289 (1991)
Donald E. BLANCHARD, Jr., et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, etc., Defendant-Appellee.
No. 76243.
Supreme Court of Florida.
March 14, 1991.
C. Rufus Pennington, III and Rodney S. Margol of Margol & Pennington, P.A., Jacksonville, for plaintiffs-appellants.
Stephen E. Day and Ada A. Hammond of Taylor, Day & Rio, Jacksonville, for defendant-appellee.
Roy D. Wasson, Miami, amicus curiae for Academy of Florida Trial Lawyers.
*1290 Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, amicus curiae for Florida Defense Lawyers Ass'n.
BARKETT, Justice.
This case is before us on the following questions of Florida law certified by the United States Court of Appeals for the Eleventh Circuit:[1]
1. DOES AN INSURED'S CLAIM AGAINST AN UNINSURED MOTORIST CARRIER UNDER SECTION 624.155(1)(b)(1)., FLORIDA STATUTES, FOR ALLEGEDLY FAILING TO SETTLE THE UNINSURED MOTORIST CLAIM IN GOOD FAITH ACCRUE BEFORE THE CONCLUSION OF THE UNDERLYING LITIGATION FOR THE CONTRACTUAL UNINSURED MOTORIST INSURANCE BENEFITS?
2. IF SO, IS JOINDER OF THE CLAIM UNDER SECTION 624.155(1)(b)1. IN THE UNDERLYING LITIGATION FOR CONTRACTUAL UNINSURED MOTORIST BENEFITS PERMISSIBLE?
3. IF SO, IS JOINDER OF THE SECTION 624.155(1)(b)1. CLAIM WITH THE CONTRACTUAL CLAIM MANDATORY?
Blanchard v. State Farm Mut. Auto. Ins. Co., 903 F.2d 1398, 1400 (11th Cir.1990). We answer the first question in the negative and accordingly need not reach the other two.
Donald Blanchard suffered permanent bodily injury when he was struck by an automobile driven by an uninsured motorist. The Blanchards were insured by State Farm Mutual Automobile Insurance Company (State Farm), and their policy included uninsured motorist coverage in the amount of $200,000. Following State Farm's alleged refusal to make a good faith offer to settle their claim, the Blanchards filed a suit in state court charging the original tortfeasor with negligence and seeking to compel State Farm to perform under the policy.[2] The Blanchards won a verdict in the amount of $396,990. Judgment was entered against the tortfeasor in the full amount of damages and against State Farm in the amount of the policy limits of $200,000. No appeal was taken from the state court judgment.
The Blanchards then commenced suit against State Farm in the United States District Court for the Middle District of Florida pursuant to section 624.155, Florida Statutes (1987),[3] which is Florida's civil remedy statute for first-party insurer bad faith. In the federal diversity action, the Blanchards sought damages for their inconvenience and anguish caused by State Farm's failure to make a good faith settlement offer and for the excess of the damages over the policy limits assessed in the state court action.
State Farm moved to dismiss, contending that the statutory claim for bad faith under *1291 section 624.155 had to be asserted in the original state court action against State Farm for the contractual uninsured motorist benefits and that plaintiffs had "split their cause of action" by not alleging the bad faith claim in the original suit. The district court granted the motion, and the Blanchards appealed to the Eleventh Circuit. On appeal, the Eleventh Circuit granted a joint motion of the Blanchards and State Farm to certify the questions at issue here.
As the Eleventh Circuit noted, there is "a division in the reasoning among the Florida district courts of appeal" on the issue of when a first-person statutory cause of action for bad faith under section 624.155 arises. Blanchard, 903 F.2d at 1399. Several courts have reasoned that the claim arising from bad faith is grounded upon a legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform. See Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263 (Fla. 5th DCA 1987), review denied, 523 So.2d 578 (Fla. 1988); see also State Farm Mut. Auto. Ins. Co. v. Lenard, 531 So.2d 180 (Fla. 2d DCA 1988); accord Rowland v. Safeco Ins. Co. of Am., 634 F. Supp. 613 (M.D.Fla. 1986).
The contrary view has been expressed by the Third District in Schimmel v. Aetna Casualty & Surety Co., 506 So.2d 1162 (Fla. 3d DCA 1987), where the court held that a claim for bad faith is indivisible from the underlying contractual cause of action and, accordingly, a plaintiff must join the two claims in one proceeding to avoid improperly splitting the cause of action.
We agree with the parties, both of whom argue that Schimmel was erroneously decided and that the first certified question should be answered in the negative. If an uninsured motorist is not liable to the insured for damages arising from an accident, then the insurer has not acted in bad faith in refusing to settle the claim. Thus, an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue. It follows that an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tort-feasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.
Accordingly, we answer the first certified question in the negative and disapprove Schimmel. Because we answer the first question in the negative, the remaining certified questions are rendered moot. We hereby transmit this opinion to the Eleventh Circuit for further proceedings.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(6), Florida Constitution.
[2] The suit was brought pursuant to section 627.727, Florida Statutes (1985), which provides in pertinent part:

If the underinsured motorist insurer does not agree within 30 days to arbitrate the underinsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person or, in the case of death, the personal representative may file suit joining the liability insurer's insured and the underinsured motorist insurer to resolve their respective liabilities for any damages to be awarded....
[3] Section 624.155, Florida Statutes (1987), provides in pertinent part:

(1) Any person may bring a civil action against an insurer when such person is damaged:
... .
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests[.]