581 So.2d 1368 (1991)
MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Petitioner,
v.
Dawn BOURKE, Michele Foco, the Estate of Leisa Voss and the Estate of B. Allen Reeves, Respondents.
No. 91-01140.
District Court of Appeal of Florida, Second District.
July 10, 1991.
*1369 John W. Weihmuller of Butler, Burnette & Pappas, Tampa, for petitioner.
Lewis F. Collins, Jr. of Dickinson, Gibbons, Shields, Partridge, Dahlgren & Collins, P.A., Sarasota, for respondents Bourke, Voss & Reeves.
Peter S. Branning of Peter S. Branning, P.A., Sarasota, for respondent Michele Foco.
PER CURIAM.
Petitioner, an insurer, seeks review of an order lifting the abatement of an action for a bad faith denial of coverage and compelling discovery of certain documents in the claim file. We grant certiorari because we find that allowing the bad faith action to proceed before termination of the underlying contractual litigation constituted a departure from the essential requirements of law.
Petitioner insured a car involved in a deadly traffic accident with a school bus. Respondents are the injured occupants, and the personal representatives of the now deceased occupants, of the car. The pending lawsuit between the parties includes a contractual claim on the policy and a bad faith claim pursuant to section 624.155, Florida Statutes (1989). The procedural history of the case is more fully set forth in this court's decision in Michigan Millers Mutual Insurance Co. v. Bourke, 581 So.2d 1365 (Fla. 2d DCA 1991) (Michigan Millers I). In Michigan Millers I, this court affirmed the trial court's summary judgment that respondents were entitled to uninsured motorist benefits coverage.
After the trial court granted the summary judgment on coverage, respondents, relying upon Kujawa v. Manhattan National Life Insurance Co., 541 So.2d 1168 (Fla. 1989), filed a motion to lift the previously ordered abatement of the bad faith claim. At the same time, respondents filed motions to compel the discovery of various materials in the petitioner's claim file. While the appeal of the summary judgment as to the coverage issue was pending, the trial court lifted the abatement of the bad faith claim and compelled only the discovery of materials in the claim file not violative of the Kujawa decision.
In ordering the bad faith claim to proceed, the trial court relied upon Royal Insurance Co. v. Zayas Men's Shop, Inc., 551 So.2d 553 (Fla. 3d DCA 1989), interpreting Zayas to permit a breach of contract claim and a bad faith claim to be maintained simultaneously. The trial court interpreted Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla. 1991), to hold that a litigant does not forfeit his cause of action for bad faith by not joining the two claims, not that the two cannot be jointly maintained.
The eleventh circuit certified three questions to the Florida Supreme Court in Blanchard v. State Farm Mutual Automobile Insurance Co., 903 F.2d 1398 (11th Cir.1990). In its opinion the federal court articulated its concern with the maintenance of a cause of action for bad faith when the cause of action may not have accrued until the end of the underlying contractual litigation. The supreme court answered the first question posed by the federal court in the negative: an insured's bad faith claim against an uninsured motorist carrier for failure to settle does not accrue before the conclusion of the underlying litigation. Blanchard, 575 So.2d at 1290. The supreme court wrote: "Absent *1370 a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle." The supreme court noted that the remaining two questions regarding whether joinder was permissive or mandatory were moot. Because under Blanchard respondents' bad faith claim does not exist until liability and the extent of damages are determined, we hold that the trial court departed from the essential requirements of law in lifting the abatement of the bad faith claim.
Based upon our decision to quash the portion of the trial court's order requiring the bad faith claim to proceed before the conclusion of the underlying contractual litigation, we also quash the portions of the order compelling discovery of the claim file. In so doing, we need not reach the specific issues argued by the parties regarding the particular materials compelled.
The petition for writ of certiorari is granted; the order of the trial court is quashed.
RYDER, A.C.J., and DANAHY and LEHAN, JJ., concur.