PER CURIAM.
Prior to the Supreme Court opinion in Blanchard v. State Farm Mutual Automobile Insurance Company 575 So.2d 1289 (Fla.1991), the trial court refused to abate “bad faith” counts pending a trial on counts alleging breach of an insurance agreement. The jury returned an adverse verdict as to the carrier. We reverse for a new trial upon the authority of Blanchard even though the trial judge did direct a verdict in favor of the carrier on the “bad faith” counts, as such conduct was argued to the jury in opening statements and evidence was offered to support such conduct during plaintiffs case.[1]
Reversed and remanded with directions for a new trial.

. Cases are decided on appeal on the law as it exists at the time of the appellate decision and not on the law as it existed at the time of trial. Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978); Florida Eastcoast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1967); Weiss-man v. State Farm Mutual Automobile Insurance Company, 349 So.2d 749 (Fla. 3d DCA 1977); Personnel Board of City Miami Beach v. Majewski, 227 So.2d 498 (Fla. 3d DCA 1969).