BOOTH, Judge.
This cause is before us on appeal from the judgment of the circuit court dismissing a complaint seeking damages for bad faith in a suit under section 624.155, Florida Statutes.
The facts alleged in the complaint are that appellant, the insured under a policy of uninsured/underinsured motorist insurance with appellee insurer, was injured in an accident, and, with the approval of his insurer, settled with the tortfeasor for $10,000. On January 25, 1989, the insured “made a claim” against the uninsured/underinsured motorist coverage of his policy and thereafter made “several attempts to settle” with appellee, but ap-pellee failed to respond. On March 10, 1989, appellant filed a notice of insurer violation under section 624.155,[1] and mailed a copy to appellee. The notice states that in the letter of January 25, 1989, appellant offered to settle for the policy limits of $200,000; that medical records had been provided to the insurer; that another letter dated February 21, 1989, renewed the offer to settle for policy limits; and that appellee “failed to acknowledge the existence of the arbitration provisions of the policy.” The complaint alleges that there was no response from appellee during the 60 days that followed- the notice. The complaint further alleges the following damages:
As a result of Defendant’s actions as described above, Plaintiff was forced to demand arbitration of his underinsured motorist claim which resulted in the payment of additional attorneys’ fees as required by his contract with his attorney and he incurred various unreimbursed costs including the cost of paying his arbitrator and paying one-half (½) of the cost of the neutral arbitrator and he lost interest on the money that should have been paid by Defendant had it made a reasonable attempt to settle Plaintiff’s claim.
Appellee’s motion to dismiss the complaint for failure to state a cause of action was granted, and this appeal followed.
Section 624.155, Florida Statutes, provides that:
(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:
[[Image here]]
(b) By the commission of any of the following acts by the insurer:
1. Not attempting to settle claims when, under all circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests;
*624 An insurer's failure to respond within 60 days to the notice provided in subsection (2) of section 624.155, if followed by an “adverse adjudication” at trial or on appeal, renders the insurer liable for damages together with court costs and reasonable attorney fees incurred by the plaintiff.
The statute has recently been the subject of several decisions of the Supreme court involving so-called “first-party” actions by insureds against their own insurers. In Blanchard v. State Farm Mutual Automobile Insurance, 575 So.2d 1289, 1291 (Fla.1991), the court answered a question certified from the federal court as to when an insured’s claim for failure to settle an uninsured motorist claim accrued under section 624.155, and held (575 So.2d át 1291):
[A]n insured’s underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue. It follows that an insured’s claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiffs damages, a cause of action cannot exist for a bad faith failure to settle, [emphasis added]
More recently, the court decided McLeod v. Continental Insurance Company, 591 So.2d 621, 624 (Fla.1992), on a certified question concerning the measure of damages in a first-party action, and held:
Even though the insurer’s bad faith in refusing to settle a first-party action leads to an excess judgment in favor of the insured and against the third party, causing the excess judgment to occur is not enough. To be liable under the statute, Continental must not only cause the excess judgment, but the excess judgment must also injure the insured. While the amount of the excess judgment represents damage sustained by McLeod, the tortfeasor, not Continental, caused the damages. Thus, in the uninsured motorist case, the excess judgment does not qualify as damages resulting from a violation of the statute.
The above-quoted holding of Blanchard is that a cause of action “cannot exist” absent a determination of “the extent of the plaintiff’s damages.” In both Blanchard and McLeod, there were jury verdicts that established the extent of the plaintiff’s damages beyond coverages available from the tortfeasor. Under the holding in Blanchard, as quoted above, the excess verdict does not, however, establish the amount of the damages to which the insured is entitled.
The complaint in this case alleges a $10,-000 settlement, which can be taken as establishing the tortfeasor’s liability, but not the extent of appellant’s damages. The complaint also alleges that there was an arbitration resulting in some costs being incurred by appellant. There is no allegation that the arbitration reached a conclusion favorable to appellant or, if so, in what amount. It appears from the allegations that arbitration took place after the notice under section 624.155 was sent out, and that notice, which is attached to the complaint, contains no reference to an award in arbitration.[2] The complaint fails to allege that there had been a determination of the extent of appellant’s damages, as required in Blanchard, supra.[3]
Because the foregoing presents an issue of great public importance, we certify the following:
Is an action for bad-faith damages pursuant to section 624.155(1)(B)(1), Florida Statutes, barred by Blanchard v. State Farm Automobile Insurance Company, 575 So.2d 1289 (Fla.1991), where the complaint fails to allege that there had been *625 a determination of the extent of appellant’s damages as a result of the uninsured tortfeasor’s negligence?
We conclude that the trial court did not err in dismissing the complaint for failure to state a cause of action, and the judgment below is affirmed.
SMITH, J., concurs.
BARFIELD, J., dissents with written opinion.

. Section 624.155(2)(a) provides:
As a condition precedent to bringing an action under this section, the department and the insurer must have been given 60 days’ written notice of the violation. If the department returns a notice for lack of specificity, the 60-day time period shall not begin until a proper notice is filed.

. The claim here is not based on any failure to pay whatever was awarded in arbitration.

. Dismissal with prejudice, without leave to amend, is not assigned as error or made an issue on appeal.