Jack O'ROURKE, Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.

No. 99–934–Civ.

United States District Court, S.D. Florida.

May 11, 1999.

Charles Louis Ruffner, De La Pena & Villanueva, Miami, FL, Martin B. Goldberg, NationsBank Tower, Miami, FL, for plaintiff.

John Edward Meagher, Shutts & Bowen, Miami, FL, for defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (DE # 58).

UPON CONSIDERATION of the motion, responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

Plaintiff Jack O'Rourke has brought this action involving a disability insurance policy that was issued to him by Defendant Provident life and Accident Insurance Company. Plaintiff has alleged that he is totally disabled, yet Defendant refuses to pay benefits to him under his insurance policy. Defendant maintains that Plaintiff does not meet the definition of disabled under the policy, and is thus precluded from receiving benefits. Plaintiff filed an Amended Complaint containing counts for breach of contract (Counts I and II), and statutory bad faith (Count III).

Defendant moves to dismiss Count Three, based on the argument that Count Three fails to state a claim upon which relief can be granted. Specifically, Defendant asserts that Plaintiff's claim is premature. Plaintiff has responded with the concession that recent case law indicates that his claim is in fact premature; however, he argues that abatement, as opposed to dismissal, is the appropriate remedy.

## DISCUSSION

### I. Motion to Dismiss Standard

■ A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *See Milburn,* 734 F.2d at 765 (11th Cir.1984).

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *see South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

### II. Bad Faith Refusal To Settle

■ Under Florida law, a cause of action for bad faith refusal to settle does not accrue until the insured has demonstrated a breach on the part of the insurer. *See Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So.2d 1289 (Fla.1991). In *Blanchard,* the Supreme Court of Florida held that a first-party bad faith action by an insured against an insurer does not accrue until it is established that the insurer breached its duties under the insurance contract. The Court stated, in pertinent part:

> [A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.

*Id.* at 1291.

This decision has been supported in subsequent Florida cases. *See, e.g., Clough v. Government Employees Ins. Co.,* 636 So.2d 127, 129 (Fla. 5th DCA 1994) (noting that in first-party actions between an insured and an insurer, the insured's claim for breach of policy must first be resolved before a bad faith action accrues), *rev. denied,* 645 So.2d 452 (Fla.1994); *Michigan Millers Mut. Ins. Co. v. Bourke,* 581 So.2d 1368, 1370 (Fla. 2d DCA 1991) (quashing the trial court's order that required the bad faith claim to proceed before the conclusion of the underlying contractual litigation).

Based on the authority listed above, Plaintiff's claim is premature.

### III. Abatement versus Dismissal

■ In his response to Defendant's Motion, Plaintiff acknowledges the weight of the authority outlined above; however, he claims that abatement is a more appropriate remedy than dismissal. In support of his argument, Plaintiff identifies several of the cases highlighted by Defendant, noting that several which held that claims for bad faith were premature also found that abatement was appropriate pending a determination on the merits of the plaintiffs' claims for breach of contract. *See, e.g., Liberty Mut. Ins. Co. v. Cook,* 696 So.2d 497 (Fla. 3d DCA 1997); *Michigan Millers Mut. Ins. Co. v. Bourke,* 581 So.2d 1368 (Fla. 2d DCA 1991).

Florida law is unsettled on the issue of the use of abatement as an alternative to dismissal for bad faith claims. In recent years, however, Florida, courts have moved toward the greater use of abatement as a mechanism for delaying the adjudication of matters that have not yet become ripe. *See, e.g., Lexington Ins. Co. v. Royal Ins. Co. of America,* 886 F.Supp.

837 (N.D.Fla.1995); *Doan v. John Hancock Mut. Life Ins. Co.*, 727 So.2d 400, 1999 WL 123720 (Fla. 3d DCA March 10, 1999); *Utah Home Fire Ins. Co. v. Navarro*, 642 So.2d 1200 (Fla. 3d DCA 1994). *But see Provident Life and Accident Ins. Co. v. Doe*, Case No. 94–0005 (S.D.Fla. Oct. 5, 1994).

Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen. This preservation of issues serves the dual purpose of empowering courts to heighten adjudicative efficiency and avoiding unnecessary repetition in filing or other waste of limited private resources. For obvious reasons, courts continually seek to make use of such opportunities for maximizing efficiency. *See, e.g.,* William C. Baskin III, "Using Rule 9(b) To Reduce Nuisance Securities Litigation," 99 Yale L.J. 1591, 1599–1600 (1990) ("In the short run, the quantity of Federal judicial resources is fixed. In light of this fact, a critical goal of the Federal legal system is to make efficient use of the existing judicial resources by conserving, to the extent possible, the resources expended on any one action.").

At the same time, increased judicial efficiency offers a valuable secondary benefit in the form of greater public confidence in the judiciary. *See, e.g.,* Baskin, *supra,* at 1600 n. 56. In furtherance of judicial economy, abatement is thus frequently preferable over dismissal as a means of postponing the adjudication of issues that have not yet become ripe. Accordingly, the Court finds that abatement is an appropriate course of action in this case.

### CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motion be, and the same is hereby GRANTED in Part. Count Three of the Amended Complaint shall be abated pending adjudication of Counts One and Two of the Amended Complaint.