**Frank A. LANE, Plaintiff,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 99–2272–CIV.**

United States District Court, S.D. Florida, Miami Division.

Sept. 23, 1999.

### ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Count II of the Complaint (DE # 2).

UPON CONSIDERATION of the Motion, responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### BACKGROUND

This case involves a disability insurance policy that was issued by Defendant Provident Life and Accident Insurance Company to Plaintiff Frank A. Lane. Plaintiff claims that he was totally disabled for a period of several months; however, Defendant has refused to pay benefits to which Plaintiff believes he is entitled under the policy. Specifically, Plaintiff is suing for breach of contract.

Plaintiff is also suing Defendant for statutory bad faith. In particular, Plaintiff claims that Defendant is in violation of Florida Statutes § 624.155(1)(a)1, for bad faith in claims handling procedures, and § 624.155(1)(b)1, for bad faith in failure to settle.

Since the filing of Defendant's Motion To Dismiss, both parties have agreed that the Section 624.155(1)(b)1 claim for bad

faith in failure to settle should be abated, as opposed to dismissed with leave to re-file, until such time as Plaintiff has proven liability for breach of contract. This is pursuant to the well-settled rule that an insured's claim for benefits must be resolved in his or her favor before a cause of action for bad faith in settlement becomes ripe.

The parties continue to disagree, however, over whether the Section 625.155(1)(a) claim for bad faith in claims handling procedures should be abated.

## DISCUSSION

### I. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *See Milburn,* 734 F.2d at 765 (11th Cir.1984).

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *see South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

## II. Statutory Bad Faith and Florida Statutes §§ 624.155(1)(a)1 and 624.155(1)(b)1

■ Under Florida Statutes § 624.155(1)(b)1, a claim for bad faith in failure to settle accrues only after an insured has proven liability in his or her underlying contractual claim. *See Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So.2d 1289, 1291 (Fla.1991). Accordingly, both parties agree that Plaintiff's statutory bad faith claim under Section 624.155(1)(b)1 should be abated.

■ Defendant further claims that this same reasoning applies to Section 624.155(1)(a)1; however, Plaintiff asserts that its claim under 624.155(1)(a)1 for bad faith in claims handling is wholly independent of his claim for breach of contract. Furthermore, Plaintiff offers that because the case law submitted by Defendant did not discuss claims for bad faith in claims handling procedures, the reasoning relating to bad faith in settlement negotiations is does not apply.

Defendant has failed to direct the Court to any case law dealing specifically with the issue of whether actions for bad faith in claims handling procedures must be stayed until such time as liability for breach of contract has been established on the part of an insurer. However, it is the Court's determination that the reasoning behind the rule requiring abatement of claims for bad faith in failure to settle is applicable to assertions of bad faith in claims handling procedures under Florida Statutes § 624.155(1)(a)1.[1]

As further support for the reasoning adopted above, it is noteworthy that both Section 624.155(1)(b)1 and Section 624.155(1)(a)1, which incorporates § 626.9541(1)(i), provide for causes of action arising from improper actions in the course of dealing with benefits claims. More specifically, both Sections address

---

1. Florida Statutes § 624.155(1)(a)(1) permits a party to bring a civil action against an insurer when that person is damaged due a violation of certain enumerated statutory pro-

visions—including Florida Statutes § 626.9541(1)(i), which proscribes unfair claim settlement practices.

improper actions in the course of claim settlement practices. Indeed, Section 626.9541(1)(i) is entitled "Unfair Claim Settlement Practices," thus indicating greater similarity to Section 624.155(1)(b)1 than Plaintiff might argue.

Accordingly, the Court finds that the reasoning of *Blanchard v. State Farm Mutual Automobile Insurance Company,* 575 So.2d 1289 (Fla.1991) is applicable not only to Florida Statutes § 624.155(1)(b)1, but to Florida Statutes § 626.9541(1)(i), via § 624.155(1)(a)1, as well.

### CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that the Motion be, and the same is hereby, GRANTED in part. Count II of the Complaint is hereby ABATED in its entirety until such time as Plaintiff has established liability of the Defendant under Count I of the Complaint for breach of contract.

DONE AND ORDERED.