955 So.2d 591 (2006)
VANGUARD FIRE AND CASUALTY COMPANY, Petitioner,
v.
Roy H. GOLMON and Kerri Golmon, Respondents.
No. 1D05-5503.
District Court of Appeal of Florida, First District.
November 15, 2006.
*592 Robert A. Craven of the Law Office of Robert A. Craven, St. Petersburg, for Petitioner.
Ross L. Bilbrey of the Bilbrey Law Firm, P.A., Pensacola and Stephen D. Gill of New World Lawyers, P.A., Pensacola, for Respondents.
PER CURIAM.
Vanguard Fire and Casualty Company seeks certiorari review of the trial court's denial of its motion to dismiss various counts in the suit below. We conclude that the trial court departed from the essential requirements of the law in forcing Vanguard to defend against the statutory claims before the issue of coverage was fully resolved. Because this error will result in irreparable harm to Vanguard if not *593 remedied on certiorari, we grant the petition.
When Hurricane Ivan hit the Gulf Coast of Florida in September of 2004, the respondents, Roy and Kerri Golmon, suffered a total loss to their residential property in Gulf Breeze. After Vanguard refused to pay the full amount of the homeowners' insurance policy it had issued, the Golmons filed suit for breach of contract. In the same complaint, the Golmons also stated four statutory claims for bad faith failure to settle and unfair claims practices, pursuant to sections 624.155(1)(a)(1) and (b), 626.9541(1)(i)(2), and (3), and 624.155(3)(a), Florida Statutes (2005). Vanguard took the position that it was not liable for the full amount of the policy, because the loss to the Golmons' property was caused by both wind damage, which was covered under the policy, and flood damage, which was not covered.
Vanguard moved to dismiss the four statutory counts on the ground that the extent of insurance coverage had not yet been resolved in the Golmons' favor in the underlying breach of contract claim. The trial court denied the motion to dismiss, finding that coverage was not in dispute, because counsel for Vanguard had admitted at the hearing that Vanguard was liable for at least some amount to the Golmons. Even if it were necessary to dismiss the statutory bad faith claims, the trial court concluded that the Golmons could still proceed on their bad faith actions, because some of the allegations did not involve the refusal to settle. Finally, it found that there would be no prejudice to Vanguard in having to defend the coverage and bad faith issues simultaneously.
Vanguard then filed the present petition for writ of certiorari seeking review of the order denying the motion to dismiss, as well as a motion in the trial court for partial stay of discovery as to the statutory claims. While the petition was pending in this court, the trial court held a hearing and granted the motion, staying discovery as to the bad faith causes of action until resolution of the petition by this court. The Golmons then filed a motion to dismiss the instant certiorari petition in this Court, arguing that Vanguard's assertion of irreparable harm was obviated by the stay of discovery on the bad faith claims.
A petitioner seeking certiorari review of an unappealable, nonfinal order must demonstrate both that the trial court departed from the essential requirements of law and that the harm resulting from the erroneous order would be irreparable on plenary appeal. See Belair v. Drew, 770 So.2d 1164 (Fla.2000); State Farm Gen. Ins. Co. v. Grant, 641 So.2d 949 (Fla. 1st DCA 1994); See Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). Vanguard has met both parts of this test.
In failing to dismiss the statutory causes of action pending resolution of the breach of contract claim, the trial court departed from the essential requirements of law. It is well established that a statutory claim of bad faith failure to settle does not accrue until the underlying action for insurance benefits is resolved in favor of the insured, thus establishing liability on the part of the insurer. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla.1991). The trial court departed from the essential requirements of law in allowing the Golmons to proceed on their statutory bad faith claims before the extent of coverage was determined in the breach of contract claim.
The trial court erroneously found that coverage was undisputed in the present case. Although Vanguard's attorney conceded at the hearing that the insurer *594 had some liability under the policy, this did not settle the question of how much coverage was due. The Golmons contend that the full policy limits are due, under Mierzwa v. Florida Windstorm Underwriting Association, 877 So.2d 774 (Fla. 4th DCA 2004), in which the Fourth District interpreted Florida's Valued Policy Law, section 627.702, Florida Statutes, to mean that, where an insured suffers a total loss due to both covered and non-covered risks, the insurer must pay the full amount of the homeowner's insurance policy limits. But even if the attorney's unsworn concession establishes that Vanguard is liable to some degree for the hurricane damage, the extent of the coverage has yet to be determined, and Mierzwa is not fully determinative of the question.
Both the existence of liability and the extent of damages are elements of a statutory cause of action for bad faith that must be determined before a statutory cause of action for bad faith will lie. See Vest v. Travelers Ins. Co., 753 So.2d 1270 (Fla.2000); Brookins v. Goodson, 640 So.2d 110 (Fla. 4th DCA 1994), rev. denied, 648 So.2d 724 (Fla.1994), disapproved on other grounds, State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 62 (Fla.1995); Imhof v. Nationwide Mut. Ins. Co., 643 So.2d 617 (Fla.1994), receded from on other grounds, Laforet, 658 So.2d at 63. Without a final resolution of the actual amount of coverage, the Golmons have not yet established a basis for a bad faith suit.
The Golmons have brought a breach of contract case to determine coverage simultaneously with their bad faith claims. Unlike in the Blanchard line of cases, the extent of coverage is the very issue yet to be determined in the breach of contract count now pending below. The partial payment of the policy limits does not settle this question under these circumstances. See GEICO Gen. Ins. Co. v. Hoy, 927 So.2d 122 (Fla. 2nd DCA 2006) (holding that insured's breach of contract suit against insurer raised a coverage issue, which was not settled by insurer's payment of only part of what insured was claiming in breach of contract action).
The force of the Mierzwa opinion is limited in the circumstances presented here, because the Golmons seek not only coverage of their dwelling, but also Other Structures coverage, Ordinance and Law coverage, Personal Property coverage, and Loss of Use coverage. These various coverages are not governed by the Valued Policy Law or the Mierzwa decision. See Citizens Prop. Ins. Corp. v. Ceballo, 934 So.2d 536 (Fla. 3rd DCA 2006). Therefore, even if Vanguard's admission of limited liability under the Valued Policy Law means that it is liable for the full policy limits as to the dwelling itself under the Mierzwa decision, the extent of loss or damage under the remaining provisions remains unsettled. Because they have not yet secured a final determination that Vanguard paid less than was due under the policy, they have not yet established that a bad faith or unfair claims settlement action against Vanguard lies. For this reason, the trial court should not have allowed the statutory claims to proceed. See Hoy, 927 So.2d 122; Clough v. Gov't Employees Ins. Co., 636 So.2d 127, 129 (Fla. 5th DCA 1994), rev. denied, 645 So.2d 452 (Fla. 1994); Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d 1368, 1370 (Fla. 2nd DCA 1991). All of the Golmons' claims in Counts 2 through 5 fall within the Blanchard rule.
Vanguard will suffer irreparable harm if it is forced to defend against both the breach of contract and bad faith claims simultaneously. See Hartford Ins. Co. v. Mainstream Constr. Group, Inc., 864 So.2d 1270, 1272-73 (Fla. 5th DCA 2004); General Star Indem. Co. v. Anheuser-Busch *595 Cos., Inc., 741 So.2d 1259 (Fla. 5th DCA 1999); American Bankers Ins. Co. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998); State Farm Fire & Cas. Co. v. Martin, 673 So.2d 518 (Fla. 5th DCA 1996). This harm includes discovery of Vanguard's accident files as pertains to more than twenty other claims unrelated to the Golmons' claim. See Allstate Indem. Co. v. Ruiz, 899 So.2d 1121, 1123 (Fla.2005); US Fire Ins. Co. v. Clearwater Oaks Bank, 421 So.2d 783, 784 (Fla. 2d DCA 1982). The trial court's order partially staying discovery on the bad faith claims does not alleviate this harm, because it expressly stays discovery only until this Court disposes of the instant petition.
We therefore grant the petition. Although we take no legal action other than to quash the order under review, we point out that the trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy. See Ruiz, 899 So.2d at 1130; O'Rourke v. Provident Life and Accident Ins. Co., 48 F.Supp.2d 1383, 1384-85 (S.D.Fla.1999); see also Lexington Ins. Co. v. Royal Ins. Co. of Amer., 886 F.Supp. 837 (N.D.Fla.1995).
Petition granted.
BARFIELD, DAVIS, and PADOVANO, JJ., concur.