[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2007
THOMAS K. KAHN
CLERK

No. 06-16333
Non-Argument Calendar

_____

D. C. Docket No. 06-22180-CV-PCH

HERITAGE CORPORATION OF SOUTH FLORIDA,

Plaintiff-Appellant,

versus

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA.,
AMERICAN INTERNATIONAL GROUP, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 23, 2007)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

In this diversity jurisdiction case arising out of an insurance coverage dispute, the plaintiff, Heritage Corporation of South Florida, appeals the district court's dismissal of its statutory bad faith claims against the defendants, National Union Fire Insurance Company of Pittsburgh, P.A. and American International Group, Inc. Heritage alleged that the defendants had acted in violation of Fla. Stat. §§ 624.155(1)(a)–(b) and 626.9541(1)(i) by failing to properly investigate and pay earlier claims filed by Heritage.

In July 2001, after filing a Civil Remedy Notice of Insurer Violation with the Department of Insurance, Heritage sued National Union in Florida state court, alleging that under three errors-and-omissions policies and four fidelity bonds purchased by Heritage, National Union was required to cover a $3.8 million loss caused by employee dishonesty and fraud at Heritage between 1996 and 2000. The case was removed to federal court, and the district court granted summary judgment for National Union on all of the policies except one—a 1998 fidelity bond, which provided $1 million in coverage. In June 2002, National Union made an offer of judgment to Heritage under Fla. Stat. § 768.79(1), where it agreed to settle all of Heritage's claims for $250,001. Heritage rejected the offer by not responding to it.

Heritage then went to trial under the 1998 fidelity bond, and the jury found

2

that Heritage had suffered a covered loss of $80,310. The bond provided for a deductible of $25,000, and therefore the $80,310 verdict was reduced to $55,310. In accordance with the jury's verdict, the district court entered a judgment for Heritage in the amount of $55,310, plus $17,903.92 in pre-judgment interest. However, the court retained jurisdiction to consider the parties' claims for costs and attorneys' fees. Because Heritage's recovery was at least twenty-five percent lower than National Union's $250,001 offer of judgment, the district court determined that under Fla. Stat. § 768.79(1), National Union was entitled to recover its attorneys' fees from Heritage. Accordingly, the district court entered a final judgment ordering Heritage to pay National Union $352,415.56 in attorneys' fees.

Heritage then filed this bad faith suit against National Union and its parent corporation, American International Group, for not attempting in good faith to investigate and settle with Heritage for its claims under the bonds. The district court dismissed Heritage's statutory bad faith claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because, according to the court, Heritage could not prove any set of facts demonstrating that its underlying insurance coverage case against National Union was resolved in its favor. Heritage argues on appeal that the district court erred in concluding that Heritage had failed to state a claim for

3

statutory bad faith.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___U.S.___, ___, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original, internal citations omitted).

Heritage contends that the district court erred by granting the defendants' motions to dismiss because, according to Heritage, it alleged all of the elements necessary to assert a cause of action for statutory bad faith.[1] Heritage argues that all that is necessary for a bad faith claim is an allegation in the complaint that there has been a determination of the existence of liability on the part of the insurer and a determination of the damages. According to Heritage, it properly alleged those

---

[1] Heritage also argues that the district court erred by applying an incorrect legal standard under Fed. R. Civ. P. 12(b)(6) when determining whether to grant the defendants' motions to dismiss. However, we need not address this argument because, as discussed above, our review of a motion to dismiss for failure to state a claim is de novo. Hill, 321 F.3d at 1335.

elements in its complaint by reciting the facts of the earlier insurance coverage case and stating that the jury had returned a verdict for Heritage against National Union in the amount of $80,310.[2]

The defendants respond that Heritage cannot state a claim for statutory bad faith because in order to do so, it must show that the underlying insurance coverage case was resolved in its favor. According to the defendants, Heritage cannot demonstrate that the insurance coverage case was resolved in its favor because: (1) Heritage was required to pay National Union $352,415.56 in attorneys' fees as a result of its failure to accept National Union's $250,001 offer of judgment; and (2) Heritage's damages of $55,310 represented only 1.5 percent of the $3.8 million loss Heritage alleged was covered by National Union.

In order to bring a claim for bad faith under Fla. Stat. § 624.155, the insured must first file a written Civil Remedy Notice of Insurer Violation with the Department of Insurance, as well as with its insurance company. Fla. Stat. § 624.155(3)(a). "The insurer then has sixty days in which to respond and, if payment is owed on the contract, to cure the claimed bad faith by paying the benefits owed on the insurance contract." Vest v. Travelers Ins. Co., 753 So. 2d

_____

[2] In its complaint, Heritage alleged that the jury returned a verdict in its favor of $80,310. In its opening brief, however, Heritage recognizes that its damages were reduced by the $25,000 deductible on the policy to $55,310.

1270, 1275 (Fla. 2000); see also Fla. Stat. § 624.155(3)(d).

According to the Florida Supreme Court, "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991). Therefore, in order to state a claim for bad faith under Fla. Stat. § 624.155, the plaintiff must allege that there has been a determination of the existence of liability on the part of the insurer and the extent of the plaintiff's damages. See id.

A plaintiff is not required to allege "a specific amount of damages." Imhof v. Nationwide Mut. Ins. Co., 643 So. 2d 617, 618 (Fla. 1994), receded from on other grounds by State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55 (Fla. 1995). Instead, "the purpose of the allegation concerning a determination of damages [is] to show that '[the plaintiff] had a valid claim.'" Vest, 753 So. 2d at 1273 (citations omitted). Accordingly, in Imhof, the Florida Supreme Court stated that the plaintiff need not allege an award exceeding the policy limits to bring a claim for statutory bad faith. Imhof, 753 So. 2d at 618. Furthermore, the court stated that the plaintiff's recovery of damages through arbitration, which was in an amount less than the policy limits, was sufficient to demonstrate that the plaintiff

6

had a valid claim and was therefore entitled to bring a bad faith action against the insurer. See id. at 618 & n.5, 619.

In its complaint, Heritage alleged: (1) that it had sued National Union to recover on four fidelity bonds and three errors and omissions policies that the corporation had purchased from National Union; (2) that the jury in that case had determined that the policies were paid on a timely basis and that they were in full force and effect; and (3) that the district court in that case entered a final judgment incorporating the jury verdict in favor of Heritage in the amount of $80,310 reduced to $55,310 because of the deductible. Therefore, Heritage has alleged that there has been a determination of liability on the part of National Union and a determination of the extent of its damages. According to the Florida Supreme Court, that is all that is necessary to state a claim for bad faith under § 624.155. See Vest, 753 So. 2d at 1275; Blanchard, 575 So. 2d at 1291.

The defendants argue—and the district court agreed—that Heritage could not demonstrate a favorable outcome as required by Blanchard because the final judgment in the insurance coverage case required Heritage to pay National Union $352,415.56 in attorneys' fees. However, this argument confuses attorneys' fees with damages. Although Heritage was required to pay the defendants' attorneys' fees because of its failure to accept the offer of judgment, that does not change the

fact that the jury determined that Heritage had suffered a loss of a specified amount, which National Union had failed to pay. As discussed above, this is all that is necessary to state a claim for bad faith under Fla. Stat. § 624.155. See Vest, 753 So. 2d at 1275; Blanchard, 575 So. 2d at 1291.

The fact that National Union offered Heritage a $250,001 offer of judgment during the pendency of the underlying insurance coverage case does not change this result. After Heritage filed its notice of violation, National Union had "sixty days in which to respond and, if payment [was] owed on the contract, to cure the claimed bad faith by paying the benefits owed on the insurance contract." Vest, 753 So. 2d at 1275; see also Fla. Stat. § 624.155(3)(d). National Union did not make its offer of judgment until nearly a year after Heritage filed its notice of violation.[3]

The defendants next contend that the fact the jury verdict of $55,310 (after reduction for the $25,000 deductible) was only 1.5 percent of the $3.8 million loss

---

[3] We note, however that "the denial of payment does not mean an insurer is guilty of bad faith as a matter of law." Vest, 753 So. 2d at 1275. Instead, "[g]ood-faith or bad-faith decisions depend upon various attendant circumstances and usually are issues of fact to be determined by a fact-finder." Id. The Florida Supreme Court has stated that the factors to be considered in a first-party bad faith action include: (1) "efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds;" (2) "the substance of the coverage dispute or the weight of legal authority on the coverage issue;" and (3) "the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage." Laforet, 658 So. 2d at 63 (citation omitted). If, after discovery, there is a genuine issue of material fact, the ultimate decision about bad faith will be up to a jury.

alleged by Heritage demonstrates that the outcome was not favorable to Heritage. The Florida Supreme Court, however, does not require that the plaintiff allege any specific monetary amount. Imhof, 643 So. 2d at 618. Again, according to that court, all that is required to state a claim for bad faith is that the plaintiff allege that there was a determination of liability and the extent of the plaintiffs' damages. See Vest, 753 So. 2d at 1275; Blanchard, 575 So. 2d at 1291. Heritage has done so here. Therefore, the district court erred in granting the defendants' motions to dismiss for failure to state a claim.

**REVERSED AND REMANDED.**