# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D19-3013

———————————————

CAROL ANN BELLAMY,

Petitioner,

v.

STATE FARM FLORIDA
INSURANCE COMPANY,

Respondent.

———————————————

Petition for Writ of Certiorari—Original Jurisdiction.
David W. Fina, Judge.

September 10, 2020

B.L. THOMAS, J.

Bellamy's petition for writ of certiorari must be dismissed because it fails to demonstrate that the trial court departed from the essential requirements of law, resulting in material injury that cannot be corrected on appeal. *See Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 821, 822 (Fla. 2004). Under Florida law, once an insured's first-party action for insurance benefits is resolved in the insured's favor, a cause of action for bad faith can accrue. *Blanchard v. State Farm Mut. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *see also Vanguard Fire and Cas. Co. v. Golmon*, 955 So. 2d 591, 594 (Fla. 1st DCA 2006).

No irreparable harm occurred as a result of the trial court's subsequent order barring Bellamy's bad faith claims as premature. Bellamy is permitted to bring forth her bad faith claims once she establishes that she is entitled to recovery of her insurance benefits. As a result, the injury brought forth in Bellamy's petition can be corrected on appeal and we dismiss Bellamy's petition for writ of certiorari for lack of jurisdiction.

DISMISSED.

WINOKUR and JAY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

James P. Mason of the Law Office of James P. Mason, Rexford, Montana; Frederick J. Schutte, IV, Live Oak, for Petitioner.

Reed W. Grimm of Taylor, Day, Grimm & Boyd, Jacksonville, for Respondent.