801 So.2d 1011 (2001)
Joel R. HORD, D.D.S. M.S., P.A., Petitioner,
v.
Lillian TAIBI, Respondent.
No. 4D01-2723.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
Diran V. Seropian of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, West Palm Beach, for petitioner.
Lillian Taibi, Boynton Beach, pro se.
PER CURIAM.
Joel Hord, D.D.S. ("Hord") seeks certiorari review of an order of the Palm Beach County circuit court, sitting in its appellate capacity, denying his motion to dismiss a dental malpractice claim advanced by Lillian Taibi ("Taibi").
This action arose after Taibi became dissatisfied with dental treatment rendered by Hord aimed at adjusting the fit of her dentures. After receiving treatment during nine separate visits, Taibi discontinued treatment and filed a Statement of Claim in the County Court of Palm Beach County seeking $4,070the amount she paid for the upper and lower dentures.
Hord filed a Motion to Dismiss asserting that Taibi had failed to comply with the presuit notice requirement of Chapter 766 of Florida Statutes. See §§ 766.106, 203, 206 Fla. Stat. (1999).
The County Court denied Hord's motion, finding that the action was based upon a contract theory of liability; therefore, *1012 presuit notice was unnecessary to sustain the claim. Hord then sought certiorari review in the circuit court which was denied. This appeal followed. We have certiorari jurisdiction. See Fla. R.App. P. 9.030(2)(b); see also Cent. Fla. Reg'l Hosp. v. Hill, 721 So.2d 404 (Fla. 5th DCA 1998).
The standard that applies when a district court reviews an appellate decision of the circuit court by certiorari is whether the decision is a departure from the essential requirements of the law resulting in a miscarriage of justice. See Combs v. State, 436 So.2d 93 (Fla.1983); see also Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
It is well established that presuit notice in medical malpractice cases applies to dentists. See Campagnulo v. Williams, 563 So.2d 733, 735 (Fla. 4th DCA 1990). Chapter 766 governs actions both grounded in tort and contract. See §§ 766.106, 766.201 Fla. Stat. (1999)(defining medical negligence as "medical malpractice, whether grounded in tort or in contract"). Where the circuit court so departs from the essential requirements of the law that a miscarriage of justice results, the appellate court will grant the petition for certiorari. See Hill, 721 So.2d at 405. The purpose of the presuit notice requirement of chapter 766 would be frustrated if this court fails to reverse the circuit court's denial of Hord's petition for certiorari. See Citron v. Shell, 689 So.2d 1288, 1290 (Fla. 4th DCA 1997).
In the case at bar, the circuit court misconstrued chapter 766 by finding that dental malpractice actions founded upon contract theory do not require presuit notice. Because this determination so departs from the essential requirements of the law, we grant the petition for writ of certiorari, quash the trial court's order and remand to the trial court for further proceedings consistent with this opinion.
GUNTHER, KLEIN and STEVENSON, JJ., concur.