BLOOM, BETH, Associate Judge.
The sole issue in this appeal is whether an appraisal award pursuant to an insurance contract constitutes a “favorable resolution” of an underlying breach of contract dispute for purposes of filing a bad faith cause of action. We hold that it does.
In 2005, a shopping center owned by Trafalgar at Greenacres was damaged by Hurricane Wilma and a claim was submitted to the insurer, Zurich American Insurance. Zurich began its investigation and set its initial reserves at $1,500,000.00. In January 2006, Zurich issued a check for $468,381.30, after subtracting the $150,000.00 deductible. In April 2006, Zurich paid an additional amount of $112,475.10. In June 2006, Trafalgar provided a sworn statement in proof of its loss, claiming $1,826,938.54 in total damages. Zurich responded that it was continuing to investigate the claim.
In September 2006, Trafalgar filed suit, alleging that Zurich breached its contract of insurance by failing to pay all proceeds due. One month later, Zurich advised Trafalgar that its investigation was complete and tendered an additional payment, bringing the total payments to $641,730.32. Zurich also invoked the appraisal provision of the insurance contract, which states:
If we and you disagree on ... the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser.
The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the ... amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
In September 2007, an appraisal award was entered in favor of Trafalgar in the total amount of $1,504,663.10. Zurich paid Trafalgar the amount within the requisite thirty days, after deducting its previous payments and the deductible amount.
*1157 Trafalgar filed a motion to confirm the appraisal award, seeking entry of a judgment in its favor as well as an award of attorney’s fees and costs. Based on its payment of the appraisal award, Zurich moved for summary judgment on the breach of contract claim. The trial court granted summary judgment in Zurich’s favor on the breach of contract claim but also granted Trafalgar’s motion to amend its complaint to state a cause of action for statutory bad faith, deeming the amended complaint to be filed on the date summary judgment was entered in Zurich’s favor on the breach of contract claim.
Trafalgar’s bad faith claim alleged that Zurich engaged in a pattern of delay and denial before and after litigation was filed. Zurich countered that the statutory bad faith action was barred. It alleged that since the court granted Zurich’s motion for summary judgment, Trafalgar had failed to obtain a “favorable resolution” of the underlying breach of contract claim. Zurich later moved for summary judgment as to the bad faith claim. The motion did not address the merits of Trafalgar’s bad faith action, but only whether the claim could proceed. The trial court granted Zurich’s motion for summary judgment.
The trial court recognized that the appraisal award was more than double what Zurich previously paid before suit was filed and approximately one-half of Trafalgar’s $8,000,000.00 demand. The court also recognized that the breach of contract action and the bad faith action were separate and distinct. It rested its decision on a finding that the ability to assert a bad faith action was dependent upon the insured having obtained a favorable resolution or determination of liability in the underlying breach of contract action. Having lost on a summary judgment, the court concluded that Trafalgar failed to satisfy that prerequisite and, therefore, was precluded from proceeding with a bad faith claim. This appeal followed.

Applicable Florida Law

It is well settled that a statutory first-party bad faith action is premature until two conditions have been satisfied: (1) the insurer raises no defense which would defeat coverage, or any such defense has been adjudicated adversely to the insurer; and, (2) the actual extent of the insured’s loss must have been determined. Vest v. Travelers Ins. Co., 753 So.2d 1270, 1273 (Fla.2000) (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla.1991)). In Blanchard, the court explained that “an insured’s underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.” Id. Once a determination has been made as to liability and the extent of damages, there is no impediment to pursuing a bad faith claim. While it is necessary that there be a determination of the insured’s damages, there is no requirement that the insured’s underlying claim be by a trial or arbitration. See Imhof v. Nationwide Mut. Ins. Co., 643 So.2d 617 (Fla.1994). Rather, all that is required is “a resolution of some kind in favor of the insured.” Vest, 753 So.2d at 1274 (citation omitted).
In this case, the trial court’s grant of summary judgment in Zurich’s favor on the breach of contract claim was based on Zurich’s compliance with the terms of the policy after resolution of the appraisal process. Both Blanchard conditions had been satisfied: (1) Zurich had waived any defense to coverage by acknowledging and paying a loss amount to Trafalgar; and (2) the appraisal award resulted in a final determination of the loss amount. As such, the appraisal award was tantamount to a “favorable resolution” necessary to pro *1158 ceed with a bad faith action. See id. (citing Blanchard, 575 So.2d at 1291).
We reject Zurich’s argument that a summary judgment in its favor on the underlying breach of contract action precludes Trafalgar’s ability to pursue a bad faith claim. A judgment on a breach of contract action is not the only way of obtaining a favorable resolution. As our supreme court has recognized, an arbitration award establishing the validity of an insured’s claim satisfies the condition precedent required to bring a bad faith action. Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216 (Fla.2006). We see no meaningful distinction between an arbitration award and the appraisal award in this case for the purpose of deciding whether the underlying action was resolved favorably to the insured.
Thus, we hold that the appraisal award constitutes a “favorable resolution” of an action for insurance benefits, so that Trafalgar has satisfied the necessary prerequisite to filing a bad faith claim.
We reverse the summary judgment and remand for trial on Trafalgar’s bad faith action.
POLEN and GROSS, JJ., concur.