LaROSE, Judge.
Terry Hunt appeals a final summary judgment in favor of his insurer, State Farm, in his bad-faith lawsuit. The trial court erred in ruling that Mr. Hunt could not maintain a bad-faith claim without a breach-of-contract judgment against State Farm. The trial court also erred in ruling that the civil remedy notice provided under section 624.155, Florida Statutes (2006), was invalid for failure to include a definite cure amount. We reverse.
Mr. Hunt’s home sustained sinkhole damage in July 2006. He filed a claim with State Farm. Mr. Hunt disagreed with State Farm’s damages estimate. In April 2007, he sued State Farm and filed a civil *549 remedy notice of insurer violation (CRN) pursuant to section 624.155. The Florida Department of Financial Services accepted the CRN on April 25, 2007, which began a sixty-day period in which State Farm could cure its alleged wrongful conduct. See § 624.155(S)(a). State Farm moved to dismiss Mr. Hunt’s lawsuit and to require an appraisal. The trial court abated the lawsuit and granted the motion for appraisal.
In October 2008, a $162,571.61 appraisal award was entered in Mr. Hunt’s favor. State Farm paid that amount. The trial court awarded Mr. Hunt attorney’s fees in February 2010. See § 627.428, Fla. Stat. (2009); Goff v. State Farm Fla. Ins. Co., 999 So.2d 684, 688 (Fla. 2d DCA 2008) (holding insurer’s payment of appraisal award after insured files suit but before judgment is functional equivalent of confession of judgment, entitling insured to section 627.428 attorney’s fees). Mr. Hunt voluntarily dismissed his lawsuit but subsequently filed this bad-faith action in the fall of 2010.[1] State Farm moved for summary judgment or, alternatively, dismissal, arguing that Mr. Hunt (1) had not obtained a judgment against State Farm in the first lawsuit and (2) had not specified a definite cure amount in his CRN.

The Appraisal Satisfied the Favorable Resolution Requirement

The trial court ruled that a judgment against State Farm for breach of contract was a condition precedent to a bad-faith action. In Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289, 1291 (Fla.1991), the supreme court held that a bad-faith action cannot accrue until the underlying lawsuit seeking insurance benefits is resolved in the insured’s favor:
[A]n insured’s underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.... Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiffs damages, a cause of action cannot exist for a bad faith failure to settle.
See also Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla.2000) (“[B]ringing a cause of action in court for violation of section 624.155(l)(b)l is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.”). But, “[a] judgment on a breach of contract action is not the only way of obtaining a favorable resolution.” Trafalgar at Greenacres, Ltd. v. Zurich Am. Ins. Co., 100 So.3d 1155, 1158 (Fla. 4th DCA 2012). For example, “an arbitration award establishing the validity of an insured’s claim satisfies the condition precedent required to bring a bad faith action.” Id. (citing Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216 (Fla.2006)). Similarly, as in this case, an appraisal award establishes the validity of Mr. Hunt’s claim[2] and satisfies this condition precedent. See id.

Cure Amount

The trial court’s second justification for granting summary judgment was its finding that “[Mr. Hunt’s] civil remedy notice *550 is invalid because there is no definite ‘cure’ amount.” Mr. Hunt argues that Florida law imposes no such requirement. The trial court’s order relies on Talat Enterprises, Inc. v. Aetna Casualty & Surety Co., 753 So.2d 1278 (Fla.2000), as support. Talat recites the unremarkable proposition that “for there to be a ‘cure,’ what ha[s] to be ‘cured’ is the non-payment of the contractual amount due the insured” and that “the remedy itself does not ripen if the insurer pays what is owed on the insurance policy during the cure period.” Id. at 1284. Talat does not hold that the CRN must provide a specific cure amount.
Section 624.155, Florida Statutes (2005), provides, in pertinent part, as follows:
624.155. Civil remedy
[[Image here]]
(3)(a) As a condition precedent to bringing an action under this section, the department and the authorized insurer must have been given 60 days’ written notice of the violation. If the department returns a notice for lack of specificity, the 60-day time period shall not begin until a proper notice is filed.
(b) The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:
1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.
2. The facts and circumstances giving rise to the violation.
3.The name of any individual involved in the violation.
On its face, the statute does not require a specific cure amount. We are hesitant to impose a requirement beyond that directed by the legislature.[3]
State Farm relies on two federal cases, Longpoint Condominium Ass’n v. Allstate Insurance Co., No. 5:05CV45RHWCS, 2005 WL 1315810 (N.D.Fla.2005), and 316, Inc. v. Maryland Casualty Co., 625 F.Supp.2d 1187 (N.D.Fla.2008), for its argument that the CRN requires a specific cure amount. Longpoint states that the CRN must be “sufficient to apprise [the insurer] of the assertion that it ha[s] inadequately investigated the claim and failed to pay the [amount of the] demand.” 2005 WL 1315810, at *2 n. 3. Longpoint does not hold that the CRN must include the amount of the demand. Similarly, 316 does not sweep as broadly as State Farm urges. Rather, 316 states:
Of concern to me are the shortcomings in the Civil Remedy Notice and in the Plaintiffs pleadings. Plaintiffs Civil Remedy Notice was written in such general terms that it gave no actual notice of the specific actions that Defendant could have undertaken to cure it. Additionally, Plaintiff has not stated in any of its pleadings the amount it contended Defendant should have paid to avoid bad-faith litigation at the time the Notice was filed.
316, 625 F.Supp.2d at 1193-94 (emphasis added). We cannot discern from this language any intent to impose added content to the CRN.
*551 In Vest, the supreme court stated that the insured may submit a CRN before liability or damages have been determined; the insurer’s appropriate response to the CRN is not dependent on such a determination. 758 So.2d at 1275. Rather the insurer must make a “good-faith evaluation of what is owed ... based upon proof of loss required by the policy and [the insurer’s] expertise in advance of a determination by a court or arbitration.” 753 So.2d at 1275-76. The court further explained that “[w]hat is owed on the contract is in turn governed by whether all conditions precedent for payment contained within the policy have been met.” Id. at 1275.
We also recognize the holdings of several federal court decisions that section 624.155(3)(b) does not require the CRN to allege a specific cure amount. See, e.g., King v. Gov’t Emps. Ins. Co., No. 8:10-cv-977-T-30AEP, 2012 WL 4052271, at *7 (M.D.Fla. Sept. 13, 2012) (citing Bullard Bldg. Condo. Ass’n v. Travelers Prop. Cas. Co. of Am.,' No. 8:08-cv-50-T-30MAP, 2009 WL 2423436, at *10 (M.D.Fla. Aug. 4, 2009); Tropical Paradise Resorts, LLC v. Clarendon Am. Ins. Co., No. 08-60254-CIV, 2008 WL 3889577, at *3 (S.D.Fla. August 20, 2008)). As is apparent from our discussion, we must agree.
We reverse final summary judgment[4] and remand for further proceedings.
Reversed and remanded.
ALTENBERND and MORRIS, JJ., concur.

. Although Mr. Hunt has been paid the full appraisal award and attorney's fees, he is essentially seeking delay damages for the period between when the claim was paid and when he maintains it should have been paid.

. Cf. Goff, 999 So.2d at 688 (holding payment of policy proceeds after suit is filed but before judgment has been rendered is equivalent of confession of judgment or verdict in insured’s favor (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 684-85 (Fla.2000))).

.
The judiciary must use a degree of common sense in deciding whether the legislature’s intent is sufficiently clear that the court may imply a qualifying phrase within a statute. If there is any reasonable concern that a reading other than a strict interpretation might not comport with the legislature’s intent, the legislature should generally be required to amend the statute, if that is necessary to fulfill its actual intent.
Doe v. Dep't of Health, 948 So.2d 803, 809 (Fla. 2d DCA 2006) (footnote omitted).

. We note that “a claim brought prematurely is not subject to a summary judgment [and] should be dismissed as premature.” Vest, 753 So.2d at 1276.