PER CURIAM.
State Farm Florida Insurance Company petitions for a writ of certiorari from trial court orders that denied its motion to abate an insurance bad faith action and denied its motion for protective order from bad faith discovery. State Farm argues that respondents cannot maintain their first-party bad faith action because State Farm invoked the appraisal provision of the insurance policy and paid the appraisal award. State Farm further maintains that it cannot be liable in a statutory bad faith action under section 624.155(1)(b) 1., Florida Statutes (2012), unless there has been a determination that it breached the insurance contract. Finally, State Farm contends that the civil remedy notice filed by respondents was defective as it was not specific enough. As set forth below, this court lacks certiorari jurisdiction to review the nonfinal orders at issue, and we dismiss the petition.
Certiorari jurisdiction is lacking as State Farm is not materially harmed and has an adequate remedy on appeal from a final order. A nonfinal order denying a motion to dismiss an insurance bad faith action is not subject to interlocutory review via petition for writ of certiorari. Citizens Prop. Ins. Corp. v. San Perdido Ass’n, 104 So.3d 344, 353-54 (Fla.2012); see also State Farm Mut. Auto. Ins. Co. v. O’Hearn, 975 So.2d 633, 636 (Fla. 2d DCA 2008); State Farm Fla. Ins. Co. v. Seville Place Condo. Ass’n, 74 So.3d 105, 109 (Fla. 3d DCA 2011) (en banc) (receding from prior cases to the contrary), rev. dismissed, 91 So.3d 133 (Fla.2012).
This court has granted certiorari review of premature bad faith discovery where an insurer was compelled to disclose its entire claim file and where a coverage dispute for the claim remained pending. See, e.g., State Farm Fla. Ins. Co. v. Aloni, 101 So.3d 412, 414 (Fla. 4th DCA 2012). That is not the situation here where no coverage dispute remains pending.
The alleged deficiency in the civil remedy notice that was served by respondents under section 624.155(3)(a), Florida Statutes (2012), is not renewable by cer-tiorari. Petitioner cites no authority that has held that a deficiency in a civil remedy notice under this statute may be reviewed by certiorari. Petitioner argues that the civil remedy notice is a condition precedent to bringing suit and should be subject to certiorari review like other presuit notice requirements. See Hord v. Taibi, 801 So.2d 1011, 1012 (Fla. 4th DCA 2001) (granting second-tier certiorari where plaintiff had not complied with the presuit notice requirements for bringing a medical malpractice action under Chapter 766). This argument is unavailing. Certiorari may be available where a party fails to comply with the procedural requirements of a presuit notice statute — such as by failing to file any notice at all — but certio-rari is not available to review the sufficiency of evidence presented to comply with presuit requirements. Williams v. Oken, 62 So.3d 1129, 1135-36 (Fla.2011). Similarly, certiorari is not available to review whether the civil remedy notice in this case was sufficiently specific.
Further, State Farm fails to demonstrate a departure from the essential requirements of law on any of its arguments. This court has held that an appraisal award may constitute a “favorable resolution” permitting a bad faith claim in certain circumstances. Trafalgar *220 at Greenacres, Ltd. v. Zurich Am. Ins. Co., 100 So.3d 1155 (Fla. 4th DCA 2012); accord Hunt v. State Farm Fla. Ins. Co., 112 So.3d 547 (Fla. 2d DCA 2013). State Farm’s argument that Trafalgar was wrongly decided essentially concedes that the trial court did not depart from any clearly established law. Whether a bad faith claim may be maintained where an appraisal provision has been invoked and paid depends on the circumstances of the case, and State Farm has an adequate remedy on appeal from a final judgment in an appropriate case.
Finally, with respect to the alleged lack of sufficient specificity in the civil remedy notice, we first observe that State Farm did not object to the alleged lack of specificity when it received the notice and that the Department of Financial Services did not reject the notice for lack of specificity. See § 624.155(3)(c), Fla. Stat. (2012) (permitting the department to return a notice that does not provide the specific information required by the statute). Further, courts have rejected the argument that a civil remedy notice must allege a specific cure amount. Hunt, 112 So.3d at 551 (additional citations therein). Thus, State Farm failed to establish that the trial court departed from the essential requirements of law in rejecting this claim.
Because this court lacks certiorari jurisdiction, this petition is dismissed without prejudice for State Farm to argue these issues on appeal from a final order.

Petition dismissed.

MAY, GERBER and FORST, JJ„ concur.