DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YUVAL LUGASSY** and **SUSAN LUGASSY,**
Appellants,

v.

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-2929

[November 23, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE 21-002746.

Robert C. Hubbard and George A. Vaka of Vaka Law Group, P.L., Tampa, and Andrew P. McDonald and David D. Barnhill of McDonald & Barnhill, P.A., Tampa, for appellants.

Hope C. Zelinger, Krista L. Elsasser and Lilian Rodriguez-Baz of Bressler, Amery & Ross, P.C., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Yuval Lugassy and Susan Lugassy ("the Homeowners") appeal the trial court's order dismissing their first-party bad faith action against United Property and Casualty Insurance Company ("United"). For the reasons outlined below, we reverse.

The Homeowners own a home insured by United. In late 2018, the home suffered extensive water damage to the floors, walls, baseboards, and other building components from a failed shower pan in the master bathroom. United acknowledged coverage for the loss, determined the amount of the loss was $2,640.08, and, after applying the $2,500 deductible, paid the Homeowners $140.08.

The Homeowners disputed the estimate, arguing United significantly undervalued the loss, largely due to inability to match the existing floor tile. In February 2019, the Homeowners' adjuster provided United with a detailed estimate valuing the total amount of the loss at $277,800.28.

Months later, the Homeowners' adjuster provided United with a "reduced" estimate valuing the total amount of the loss at $216,892.47.[1] United ultimately sent a second adjuster to the home and made a supplemental payment of only $5,642.67.

In March 2020, the Homeowners filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Financial Services ("DFS"), alleging violations of sections 624.155 and 626.9541, Florida Statutes (2020). The CRN listed the specific statutory provisions that United allegedly violated; named the individuals involved; referenced the specific policy language relevant to the claim; and included the statement that the "notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized" by section 624.155. The CRN also gave a detailed recitation of the facts surrounding the violation, explaining in part that: (1) United gave "a lowball estimate that failed to include the floors at all, and otherwise under-scoped such items as drywall repairs and paint;" (2) the Homeowners' adjuster provided United with an estimate, with pictures and a supporting letter from a flooring company, that "noted the inability to match the flooring" which resulted in a second inspection by United; (3) the Homeowners attempted to negotiate the flooring issue but United "flat out refused to further adjust the claim or negotiate" and "ignored documentation showing that additional payments are owed." The CRN also listed in detail the alleged wrongful conduct and omissions by United and outlined how United could cure the defects. Lastly, the CRN provided that the estimated damage was more than $50,000.

Notably, United's response to the CRN acknowledged receipt of both estimates. The matter proceeded to appraisal, and, in August 2020, the Homeowners were awarded $136,958.19 for actual cash value, and $142,010.97 for replacement cash value.

Shortly thereafter, the Homeowners filed a first-party bad faith action against United. United filed a motion to dismiss, arguing the Homeowners were precluded from pursuing the statutory bad faith claim because the CRN was insufficient. The trial court granted United's motion and dismissed the action with prejudice, finding the Homeowners' CRN did not satisfy the requirements set forth in section 624.155, Florida Statutes. Specifically, the trial court found the cure terms were unclear because

---

[1] Neither of the estimates are in the record. However, United confirmed in its response to the Homeowners' civil remedy notice that the first estimate was in the amount of $277,800.28 and the second estimate in the amount of $216,892.47.

(1) the CRN provided "partial specificity" and "conclusory allegations;" (2) the Homeowners failed to state the policy language at issue with requisite specificity; and (3) the amount listed in the CRN was different from the amounts demanded by the Homeowners in the estimates.

On appeal, the Homeowners argue the trial court erred in dismissing their bad faith action because the CRN complied with the specificity requirements as set forth in section 624.155(3)(b), Florida Statutes. We agree.

"[A] statutory bad faith claim under section 624.155 is ripe for litigation when there has been (1) a determination of the insurer's liability for coverage; (2) a determination of the extent of the insured's damages; and (3) the required notice is filed pursuant to section 624.155(3)(a)." *Zaleski v. State Farm Fla. Ins. Co.*, 315 So. 3d 7, 10–11 (Fla. 4th DCA 2021) (alteration in original) (quoting *Demase v. State Farm Fla. Ins. Co.*, 239 So. 3d 218, 221 (Fla. 5th DCA 2018)).

Here, the Homeowners' appraisal award satisfied the first two requirements to filing the bad faith claim. *See Cammarata v. State Farm Fla. Ins. Co.*, 152 So. 3d 606, 612 (Fla. 4th DCA 2014) (an appraisal award, "which determined the existence of liability and the extent of the insured's damages, established the first two conditions precedent of a bad faith action"). Our analysis will therefore focus on whether the Homeowners satisfied the third requirement of filing a valid CRN.

Section 624.155(3)(b), Florida Statutes, sets forth the information that must be included in a CRN:

> (b) The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:
>
> 1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.
>
> 2. The facts and circumstances giving rise to the violation.
>
> 3. The name of any individual involved in the violation.
>
> 4. Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer

has not provided a copy of the policy to the third party claimant pursuant to written request.

5.  A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

§ 624.155(3)(b), Fla. Stat. (2020).

Here, the Homeowners' CRN listed the specific statutory provisions that United allegedly violated, referenced the specific policy language relevant to the violations, and gave a detailed recitation of the facts surrounding the violation.  In relevant part, the CRN stated United gave "a lowball estimate that failed to include the floors at all, and otherwise under-scoped such items as drywall repairs and paint" and ignored documentation showing that additional payments were owed.  We hold the CRN sufficiently complied with section 624.155(3)(b)'s specificity requirements and "sufficiently put [United] on notice of the facts and circumstances giving rise to the violations and the corrective action required to remedy the violations." *Zaleski*, 315 So. 3d at 13 (reversing summary judgment in favor of the insurer, and finding the CRN explained the facts and circumstances of the violation with specificity where "the CRN stated that [the insurer] performed a cursory inspection of the property, failed to retain experts necessary to identify the repairs necessary to restore the property to its pre-loss condition, and gave a 'lowball' estimate that failed to encompass all covered damages" and "the Homeowners provided [the insurer] with their detailed estimate").

Regarding the trial court's determination that the CRN was invalid because the "cure" amount was unclear, we reject this determination as Florida law does not require a CRN to include a specific cure amount. *See Fortune v. First Protective Ins. Co.*, 302 So. 3d 485, 491 (Fla. 2d DCA 2020) ("Neither the statute nor this court's precedent requires the CRN to contain a specific amount sought to cure the alleged bad faith."); *Hunt v. State Farm Fla. Ins. Co.*, 112 So. 3d 547, 551 (Fla. 2d DCA 2013) ("On its face, [section 624.155] does not require a specific cure amount.  We are hesitant to impose a requirement beyond that directed by the legislature." (footnote omitted)); *see also Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000) (recognizing that an insurer's appropriate response to a CRN is not dependent on a determination of liability or damages, rather it "is based upon the insurer's good-faith evaluation of what is owed on the insurance contract"); *King v. Gov't Emps. Ins. Co.*, No. 8:10-cv-977-T-30AEP, 2012 WL 4052271, at *7 (M.D. Fla. Sept. 13, 2012) ("Florida's statute does not require an insured on the CRN to allege a specific amount owed to cure the violation by the insurer. . . . Rather, the CRN is designed

to prevent insurers from playing a 'guessing game' as to what, and how, to cure within the sixty-day window.").

At any rate, it is undisputed United received a copy of the Homeowners' estimates, including the second "reduced" estimate, prior to the filing of the CRN. United therefore clearly knew how to cure the alleged violation notwithstanding the fact that the CRN did not contain a specific cure amount and instead generally stated the estimated damage was more than $50,000. Stated differently, "common sense suggests that the action [United] could have taken to cure the alleged violation would be to increase the amount offered to settle [the Homeowners'] claim." *Altheim v. GEICO Gen. Ins. Co.*, No. 8:10–cv–156-T-24 TBM, 2011 WL 161050, at *4 (M.D. Fla. Jan. 18, 2011).

Accordingly, we reverse the dismissal order and remand for further proceedings in which the Homeowners can pursue their bad faith action. We express no opinion on the ultimate merit, if any, of the Homeowners' bad faith claim. *See Apex Roofing & Restoration, LLC v. State Farm Fla. Ins. Co.*, 343 So. 3d 1223, 1227 n.2 (Fla. 5th DCA 2022); *Fortune*, 302 So. 3d at 492.

*Reversed and remanded.*

WARNER and CONNER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

5