# Third District Court of Appeal
## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1138
Lower Tribunal No. 18-599-P
_____

**Snappers Key Largo LLC, et al.,**
Appellants,

vs.

**Certain Underwriters at Lloyd's, London, Subscribing to Policy No. BW33816281,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Greenspoon Marder LLP and John H. Pelzer (Fort Lauderdale); Geyer Fuxa Tyler and Jeremy F. Tyler and Xavier Rojas (Sunrise), for appellants.

Wood, Smith, Henning & Berman, LLP, Richard E. Zelonka, Jr., and Joseph M. Aguirre (Atlanta, GA), for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Snappers Key Largo LLC ("Snappers") appeals a final judgment in favor of Certain Underwriters at Lloyd's London Subscribing ("Underwriters"). We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's order denying attorneys' fees, we affirm without further discussion. We reverse the trial court's order denying Snappers' motion for leave to amend and remand to allow Snappers to amend its complaint.

Following the appraisal award, Snappers moved to amend the complaint to pursue a bad faith action pursuant to section 624.155, Florida Statutes. The trial court denied Snappers' motion without explanation. Snappers now argues denial of leave to amend without a finding of prejudice, abuse of the privilege or futility is error. Underwriters contends any amendment would be futile as it did not breach the policy. Florida law is well-settled that "[a] judgment on a breach of contract action is not the only way of obtaining a favorable resolution," which is the necessary prerequisite to filing a bad faith claim. Trafalgar at Greenacres, Ltd. v. Zurich Am. Ins. Co., 100 So. 3d 1155, 1158 (Fla. 4th DCA 2012). Based on the facts and circumstances of this case and on binding precedent, we find the amendment should have been allowed. See Barton v. Capitol Preferred Ins.

Co., Inc., 208 So. 3d 239, 243 (Fla. 5th DCA 2016) (stating that a cause of action for bad faith "does not accrue until and unless the insured's underlying first-party action for insurance benefits is resolved favorably to the insured" (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991))); Fridman v. Safeco Ins. Co. of Ill., 185 So. 3d 1214, 1224 (Fla. 2016) ("[T]he insured is not *obligated* to obtain the determination of liability and the full extent of his or her damages through a trial and may utilize other means of doing so, such as an agreed settlement, arbitration, or stipulation before initiating a bad faith cause of action."); Trafalgar, 100 So. 3d at 1158 ("We see no meaningful distinction between an arbitration award and the appraisal award in this case for the purpose of deciding whether the underlying action was resolved favorably to the insured. Thus, we hold that the appraisal award constitutes a 'favorable resolution' of an action for insurance benefits, so that [the insured] has satisfied the necessary prerequisite to filing a bad faith claim."); Hunt v. State Farm Fla. Ins. Co., 112 So. 3d 547, 549 (Fla. 2d DCA 2013) ("[A]n appraisal award establishes the validity of [the insured's] claim and satisfies th[e] condition precedent.") (footnote omitted).

Affirmed in part; reversed in part and remanded with directions.

3